IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRANDON EUGENE POTTER                                                                    PLAINTIFF

v.                    Civil No. 05-5143

BENTON COUNTY SHERIFF'S
DEPARTMENT; and JAILER BOOTH                                                          DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Brandon Eugene Potter filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 on August 25, 2005. His complaint was filed in forma pauperis (IFP). When he filed the complaint, he was incarcerated at the Benton County Detention Center.

On September 9, 2005, the undersigned entered an order (Doc. 6) directing Potter to complete, sign and return an attached addendum to his complaint. The addendum was to be returned by October 7, 2005. To date, the plaintiff has failed to respond to the addendum.

On September 20, 2005 (Doc. 7), the court's order dated September 8, 2005 (Doc. 4), a supplement to the complaint (Doc. 5), and the court's order dated September 9, 2005 (Doc. 6) with attached addendum, were returned to the court as undeliverable. When he filed the complaint, Potter listed an address for when he was released from the Benton County Detention Center. For this reason, on September 28, 2005, a change of address was entered on his behalf utilizing this address (Doc. 8). The clerk was directed to re-mail to the plaintiff all mail that had been returned as undeliverable.

On October 13, 2005, all mail sent to the plaintiff was returned as undeliverable. Plaintiff has not informed the court of any change in his address. Plaintiff has not otherwise communicated with the court.

AO72A
(Rev. 8/82)

I therefore recommend Potter's claims be dismissed on the grounds he has failed to prosecute this action and comply with an order of this court. Additionally, Potter has failed to keep the court informed of his current address. *See* Fed. R. Civ. P. 41(b).

**Potter has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Potter is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of October 2005.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)